

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>BRYAN JAMES KOEFF,<br><br>                Defendant | Case No. 3:24-mj-00051-KFR |

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Rochelle Liedike, being duly sworn, do hereby declare and state the following:

**Introduction and Agent Background**

1. I am a Criminal Investigator - Deputy United States Marshal assigned to the Anchorage, Alaska office. I have been a Deputy with the United States Marshals since June 2005. I am a graduate of the United States Marshals Service Academy and the Federal Law Enforcement Training Center for Criminal Investigators. I am currently assigned as an Investigator for the Sex Offender Investigations Branch for the United States Marshals Service, District of Alaska. One of my primary responsibilities as the District Sex Offender Coordinator, is to investigate crimes involving individuals that are convicted sex offenders and who have failed to register as required by the Sex Offender Registration and Notification Act ("SORNA") (codified at Title 34, United States Code, Section 20901, et seq.), enacted on July 27, 2006, as part of the Adam Walsh Child Protection Act of 2006.

2. I make this affidavit in support of the criminal complaint and the arrest warrant for Bryan James KOEFF for a violation of Title 18, United States Code, Section 2250(a), Failure to Register as a Sex Offender. As set forth below, there is probable cause to believe, and I do

believe, KOEFF is required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), is a sex offender by reason of a conviction under Federal law, and knowingly failed to register or update registration, in violation of 18 U.S.C. § 2250(a).

3. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal complaint and the arrest warrant and does not set forth all known facts related to this matter. The information in this affidavit was ascertained during a criminal investigation that included, in part, a review of pertinent documents and records, communications with law enforcement personnel, and communications with individuals related to this matter.

## Applicable Law

4. Title 18, United States Code, Section 2250(a) provides:

(a) In General—Whoever—

   (1) is required to register under the Sex Offender Registration and Notification Act;

   (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

   (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
shall be fined under this title or imprisoned not more than 10 years, or both.

## Summary of Probable Cause

5. Bryan James KOEFF is a convicted sex offender under Federal law in that on 05/22/2001, the United States District Court for the District of Alaska convicted KOEFF of Receipt of Child Pornography, Possession of Child Pornography, and other charges. In violation of SORNA, KOEFF, a sex offender required to register as a convicted sex offender by reason of

convictions under Federal law, has knowingly failed to register or update a registration as required.

## Statement of Probable Cause

6. Bryan James KOEFF is a convicted sex offender under Federal law in that on 05/22/2001, the United States District Court for the District of Alaska convicted KOEFF in case number A01-0006-CR (JWS) of count 1-Receipt of Child Pornography and count 2-Possession of Child Pornography. KOEFF was sentenced to 120 months incarceration as to count 1, and 60 months as to count 2 to run concurrently. Due to these convictions, KOEFF is required to register as a sex offender pursuant to Federal law-SORNA and State law.

7. According to the Alaska Sex Offender Registry (SOR) and Alaska Statute 12.63.020(a)(1)(B), the duty of a sex offender to comply with the requirements of AS 12.63.010 continues for the lifetime of a sex offender or child kidnapper convicted of two or more sex offenses. Based on the above information, KOEFF is required to register as a sex offender quarterly for life while KOEFF is living in Alaska. Per the Alaska SOR, KOEFF is required to register quarterly for life in the months of February, May, August, and November, and update registration following a change in residence within one (1) business day.

8. Your affiant obtained documentation from the Alaska SOR regarding KOEFF's sex offender registrations. Multiple documents initialed and signed by KOEFF state in part, "I must provide written notice of a change in residence to the Alaska State Trooper post or municipal police department located nearest to my new residence, or to the Alaska Sex Offender/Child Kidnapper Central Registry Office if I reside within the Municipality of Anchorage, by the next working day following the change."; "I understand that I must verify registration information during each quarterly month as determined by the Alaska Sex offender/Child Kidnapper Central Registry as long as I live, work or attend school in Alaska."; "I

*Affidavit in Support of Criminal Complaint*     Page 3 of 8
3:24-mj-00051-KFR
Case 3:24-mj-00051-KFR   Document 1-1   Filed 01/26/24   Page 3 of 8

have read or had read to me the statements above and I understand what is required of me as a sex offender or child kidnapper while I am residing in the State of Alaska, including penalties for failing to comply with the registration requirements." Additionally, on multiple forms, KOEFF's signature appears below the statement, "In accordance with Alaska Statute 12.63.01(e), I swear under penalty of perjury that the information provided on this form and any attachment is true and correct. I understand that if I provide a false statement on this form I shall be subject to prosecution for perjury, which is a class B felony under Alaska Statute 11.56.200."

9. Your affiant printed a copy of the Alaska SOR Public Website on or about 07/20/2021 which indicated KOEFF updated his residential address to "Huffman & Old Seward Hwy., Anchorage, AK" on 03/05/2020.

10. On 07/20/2021, as part of a SOR compliance verification, your affiant and Anchorage Police Department Officer/U.S. Marshals Task Force Officer Cusack went to the registered residential address for KOEFF to verify his compliance with the Alaska SOR. Your affiant and TFO Cusack searched the wooded area at Huffman & Old Seward and found no tents or livable areas in the vicinity. Your affiant and TFO Cusack made contact with the only two residences located near this intersection and were informed by the residents that they did not know KOEFF, and he did not live in the area of their properties. No further information was developed at this time and KOEFF continued to register as living at the intersection of Huffman & Old Seward Hwy.

11. On 08/28/2023, per an Anchorage Police Department (APD) report, KOEFF was a suspect in an alleged assault with a weapon. During that contact, KOEFF's ex-girlfriend stated that APD could find KOEFF at his mother's, Korine Leyden's, apartment at 9731 Vanguard #A15 as that is where he was living. APD Officers attempted contact at 9731 Vanguard #A15, but the apartment building had a secure entry. Telephonic contact was made with KOEFF who

confirmed he was KOEFF. KOEFF was informed of the investigation and requested to step out of the apartment building. KOEFF hung up on the officers and the call went straight to voicemail on recall. In this report, it states, while discussing this investigation with another officer they informed the officer they had driven through Huffman and Old Seward, and they did not observe any tent or other residence there.

12. On 08/28/2023, the APD Officer notified the Alaska SOR that the registration for KOEFF was a bad address and KOEFF's registration address was updated to an "unknown" status. KOEFF was listed as non-compliant with his sex offender registration requirements at that time.

13. On 11/27/2023, KOEFF submitted another initialed and signed sex offender registration form stating his current residence address was "Old Seward & Huffman." The Alaska SOR did not process this form per the above notification from the APD officer that this was a bad address for KOEFF and KOEFF remained non-compliant.

14. On 11/28/2023, KOEFF's ex-girlfriend was reported as a missing person. Per APD report KOEFF is mentioned, and the address provided is listed as 9731 Vanguard Dr. #15, Anchorage, AK 99507.

15. On 01/19/2024, per APD report, officers were dispatched to 9731 Vanguard Dr. #15 reference a civil standby. KOEFF's ex-girlfriend stated KOEFF had an abundance of her belongings inside (around $2000.00 estimated of personal items). Verbal contact was made with KOEFF through a closed door. KOEFF stated he threw the belongings away, that the cat was gone, and he refused to open the door. The ex-girlfriend stated she had lived with KOEFF at 9731 Vanguard Dr. #15 for over a year while they were dating. She also stated KOEFF had been living at that address full-time with his mother since April 2023.

*Affidavit in Support of Criminal Complaint*   Page **5** of **8**
3:24-mj-00051-KFR
Case 3:24-mj-00051-KFR   Document 1-1   Filed 01/26/24   Page 5 of 8

16. On 01/20/2024, a warrant was issued for KOEFF by the State of Alaska District Court in case number 3AN-24-427CR charging him with Failure to Register as a Sex Offender and Theft.

17. On 01/23/2024, per APD report, officers went to 9731 Vanguard Dr. #15, Anchorage, AK for the warrant service on KOEFF. Upon arrival, a male and female adult were heard talking to each other. An officer knocked and a female adult opened the door. APD identified himself and stated he was there to arrest KOEFF. The female quickly closed the door and locked it. KOEFF then attempted to escape from the second story balcony when he was told to go back inside and surrender at the door. KOEFF then went to the door and was taken into custody on the state warrant.

18. On 01/24/2024, your affiant contacted the property manager at 9731 Vanguard, KRK management. KOEFF was positively identified by his booking photo taken on 01/23/2024. The manager stated KOEFF was "definitely the person" she had seen coming and going from the building and apartment #15. The manager informed your affiant of specific incidents involving KOEFF as far back as July 2023. The manager also stated she believed KOEFF was living at the address and had notified the tenant (KOEFF's mother) that KOEFF was not allowed to live there.

19. On 01/25/2024, prior to being released from Anchorage Correctional Complex, KOEFF completed an Alaska sex offender registration. On this form, KOEFF states his current residential address is "Huffman & Old Seward." KOEFF again signs below the statement, "In accordance with Alaska Statute 12.63.01(e), I swear under penalty of perjury that the information provided on this form and any attachment is true and correct. I understand that if I provide a false statement on this form I shall be subject to prosecution for perjury, which is a class B felony under Alaska Statute 11.56.200."

20. Under SORNA, KOEFF has a current requirement to register as a sex offender and update his registration with the Alaska SOR within one business day of any change of residence. Under Alaska state law, KOEFF has a lifetime requirement to register as a sex offender in Alaska.

## Conclusion

21. Based on the above information, your affiant submits that KOEFF is a convicted sex offender by reason of Federal conviction, is required to register as a sex offender under SORNA, and knowingly failed to register or update registration as a sex offender with the State of Alaska. As such, there is probable cause that KOEFF knowingly failed to register or update registration as a sex offender as required under 18 U.S.C. § 2250(a), and your affiant respectfully requests this Court issue the requested criminal complaint and arrest warrant.

22. This affidavit was reviewed by Assistant United States Attorney (AUSA) Tom Bradley prior to being presented to the Court. AUSA Bradley informed me, that in his opinion, the affidavit sets forth sufficient facts to establish probable cause for the criminal complaint and arrest warrant.

//

*Affidavit in Support of Criminal Complaint*     Page **7** of **8**
3:24-mj-00051-KFR

Case 3:24-mj-00051-KFR   Document 1-1   Filed 01/26/24   Page 7 of 8

Respectfully Submitted,

*(signature)*

ROCHELLE LIEDIKE, Complainant
Criminal Investigator - Deputy U.S. Marshal
United States Marshals Service

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 [and/or 4(d) for an arrest warrant or 41(d)(3) for a search warrant] this ___ day of _____, 2024.

*(signature)*

HONORABLE KYLE F. REARDON
United States Magistrate Judge
District of Alaska
January 26, 2024

*Affidavit in Support of Criminal Complaint* Page **8** of **8**
**3:24-mj-00051-KFR**
Case 3:24-mj-00051-KFR   Document 1-1   Filed 01/26/24   Page 8 of 8